IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAHIM CALDWELL,

        Plaintiff pro se,

  v.

CUMBERLAND COUNTY ONE STOP
CAREER CENTER, et al.,

        Defendants,

Civil Action
No. 06-329 (JBS)

**MEMORANDUM OPINION**

**SIMANDLE, District Judge:**

    1.  This matter comes before the Court on a motion by Defendants Tri-County Security and John Catling to dismiss the Complaint, pursuant to Fed. R. Civ. P. 37, for failure to comply with discovery [Docket Item 48].  The matter is opposed only by an untimely letter from Plaintiff that fails to address the substance of the motion [Docket Item 50].  For the reasons explained below, the Court shall grant the motion to dismiss the Complaint in its entirety.

    2.  Federal Rule of Civil Procedure 37 governs a party's failure to cooperate in discovery and provides this Court with power to dismiss a complaint in certain circumstances:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

>    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>    (iii) striking pleadings in whole or in part;
>
>    (iv) staying further proceedings until the order is obeyed;
>
>    (v) dismissing the action or proceeding in whole or in part;
>
>    (vi) rendering a default judgment against the disobedient party; or
>
>    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

    3. In addition, Federal Rule of Civil Procedure 37(d)(1) explicitly provides this Court with power to order any of those sanctions if a party fails to attend his own deposition.

    4. In this case, Plaintiff Rahim Caldwell has failed to comply with court ordered discovery and failed to attend his own deposition, thus triggering this Court's power to order the Fed. R. Civ. P. 37(b)(2)(A) sanctions.

    5. Specifically, Plaintiff has refused to appear for his deposition, including failing to appear when noticed, informing Magistrate Judge Schneider at a status conference that he would

refuse to be deposed, and refusing to comply with Magistrate Judge Schneider's repeated orders compelling Plaintiff to appear for his deposition.

6. Further, on more than one occasion, Plaintiff has failed to appear for court-ordered scheduling conferences.

7. Plaintiff has also failed to comply with other court-ordered discovery by failing to respond to requests for interrogatories and productions of documents. Magistrate Judge Schneider found, in his October 12, 2007 order compelling Plaintiff to respond to written discovery, that his failure to do so has prejudiced Defendants. That order was returned as undeliverable because Plaintiff had failed to keep the Court apprised of his address as the rules require.

8. Out of an abundance of fairness to this pro se Plaintiff, Magistrate Judge Schneider subsequently [Docket Item 43] ordered that all outstanding motions be reserved on Plaintiff and this Court denied pending motions to dismiss in the hopes that Plaintiff would, at long last, comply with the discovery requests in order to move forward the case that he instituted.

9. Defendants again subpoenaed Plaintiff in an attempt to procure his deposition. Plaintiff failed to appear on December 18, 2007. Nor has he ever complied with the written discovery requests and orders compelling his compliance.

10. On April 4, 2008, Magistrate Judge Schneider made a

finding that Plaintiff has failed to comply with the outstanding discovery orders. Judge Schneider ordered again that Plaintiff comply with discovery and gave him until April 30, 2008 to comply with outstanding requests for written discovery and until May 15, 2008 to appear for his deposition.

    11. On April 29, 2008, Plaintiff indicated in a letter to the Court that he did not intend to comply with the discovery requests and orders because he felt that Defendants should not have renoticed his deposition until after December 10, 2007, the extended deadline Judge Schneider had set for him to oppose a pending a motion to dismiss. The Order does not contain that restriction on Defendants and Plaintiff has no ground for refusing to comply with the Court's repeated orders to compel discovery. Nevertheless, on April 7, 2008, Defendants again noticed Plaintiff's deposition for May 5, 2008 at 10:00 a.m. and Mr. Caldwell failed to appear, in direct contravention of Judge Schneider's April 4 order. This was Plaintiff's third failure to appear at his noticed deposition.

    12. In addition, Defendants informed the Court in its May 1 and May 5, 2008 letters pursuant to the April 4 order, that Plaintiff has failed to respond to interrogatories or produce any requested documents. In short, he has not complied with discovery despite numerous orders and extensions and has not provided adequate explanation for failure to do so, nor has he

attempted to reschedule any of his depositions or extend his time for compliance with the April 4 order.[1]

13.  Dismissal as a sanction for noncompliance with discovery is a harsh sanction that should be used sparingly. "[D]ismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court and are to be reserved for comparable cases." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) (citation omitted).  This Court is mindful that "dismissal is a sanction of last resort." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  Pursuant to Poulis, this Court considers six factors in determining whether to dismiss the claims against the moving Defendants: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." Poulis, 747 F.2d at 868.  All six

---

[1]  In his letter opposition to this motion, filed April 29, 2008, Plaintiff indicated that he was working on his responses to written discovery requests and that he refused to attend an earlier deposition because it was his understanding the Defendants were not to contact him prior to December 10, 2007. He provides no explanation for his failure to attend his May 5, 2008 deposition or to otherwise comply with the April 4, 2008 order.

factors weigh heavily in favor of dismissal of Mr. Caldwell's claims.

14. First, the Court looks at the extent to which Plaintiff is personally responsible for the current failure to appear for his deposition and to comply with requests for interrogatories and production of documents, as well as the failure to comply with Judge Schneider's April 4, 2008 Order compelling him to do so.  This Court finds that this failure is solely the fault of this pro se Plaintiff, that he is aware of the outstanding requests for production as well as the April 4 order, and that he has nevertheless refused to comply with this court-ordered discovery.

15. Next the Court finds, as Magistrate Judge Schneider has found in the past, that this failure prejudices the moving Defendants, and indeed all Defendants in this case.  Plaintiff filed this action more than two years ago, on January 24, 2006, regarding an incident that allegedly occurred in February of 2005, yet nothing has happened in this case other than the filing of answers and repeated attempts at procuring discovery from Plaintiff.  In the normal course of events, a case this old should be ready or nearly ready for trial.  Instead, this case has not progressed at all and Defendants have no ability to resolve the complaints against them in the absence of this most basic exchange of discovery.  The Defendants have wasted time and

counsel fees due to Plaintiff's refusal to provide this basic discovery, causing further prejudice to them.

16. The Court turns next to consideration of whether Plaintiff has a history of dilatoriness. That history is clear and extensive in this case, stretching back over a year. Despite numerous attempts on the part of this Court to extend additional courtesies and extensions to Plaintiff, even when not requested, Plaintiff has never complied with the discovery orders issued to him. This Court's records indicate that Plaintiff failed to appear at a court-ordered scheduling conference on May 4, 2007, more than one year ago, and that the Court then issued an order to show cause why the matter should not be dismissed; Plaintiff then appeared at the show cause hearing, where he indicated that he refused to comply with discovery and Judge Schneider ordered him to do so; on August 17, 2007, Defendants filed a motion to compel Plaintiff's deposition; on September 17, 2007, Defendants filed a motion to compel answers to interrogatories and requests for production; on October 1, 2007, Judge Schneider entered an order granting the motions to compel and ordering a specific time and place for Plaintiff to appear for his deposition; Plaintiff failed to appear for that deposition; four days later, Plaintiff failed to appear at a court-ordered scheduling conference for the second time, and Judge Schneider issued his second order to show cause why the case should not be dismissed; Plaintiff had failed

to update his address with the Court, so that order was returned as undeliverable; Judge Schneider then granted the second motion to compel on October 12, 2007, and warned that failure to comply might result in sanctions, including dismissal of this action; Defendants informed the Court in November 2007 that no responses to discovery had been received and filed motions to dismiss pursuant to Fed. R. Civ. P. 37; the Court then held the second show cause hearing on November 15, 2007, at which Plaintiff appeared, and, in an abundance of caution and fairness to the pro se Plaintiff, Judge Schneider ordered Defendants to reserve Plaintiff with all outstanding motions; accordingly, this Court denied the motions to dismiss at that time, in the hopes that Plaintiff might comply with the Court's orders after reservice.

17.  Plaintiff's compliance was not forthcoming and on March 21, 2008, Defendants filed this motion to dismiss.  Judge Schneider, being aware of the situation and receiving a request for recusal from Plaintiff, issued a letter order on April 4, 2008 compelling Plaintiff to reply to all outstanding interrogatories and document requests by April 30, 2008 and to appear for his deposition by May 15, 2008.  To date, Plaintiff has failed to appear for his deposition, respond to interrogatories, or produce requested documents.  His history of dilatoriness is well-documented and ongoing.

18. The Court further finds that Plaintiff's failure to comply with discovery orders is both willful and in bad faith. Through his numerous letters to this Court and to Magistrate Judge Schneider, Plaintiff has indicated his steadfast refusal to comply with discovery. He has not, in response to this motion or otherwise, indicated that he would comply with discovery if given additional extensions or any other accommodations. No excuse has been proffered to this Court for the continued failure to respond to numerous discovery requests or to comply with the Court's orders.

19. The Court finds next that other sanctions short of dismissal would not be effective. Alternative sanctions available to the Court on this motion include,

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

>           (vii) treating as contempt of court the
>           failure to obey any order except an order to
>           submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  Because there has been no motion practice in this case outside of the discovery context, the options available under 37(b)(2)(A)(i), (ii), (iii), and (vi) would amount to the same thing as dismissal, provided for in 37(b)(2)(A)(v).  The Court could order the Answers to be taken as true, prohibit Plaintiff from supporting the claims in the Complaint, strike the Complaint, or render judgment against Plaintiff.  All of those options would result in immediate resolution of this matter to the Plaintiff's detriment.  In other words, this is not a situation in which a sanction specifically tailored to some narrow discovery violation is a possible alternative because Plaintiff has completely, rather than narrowly, failed to comply with discovery.  Pursuant to subsection (iv), the Court could stay the matter, but that would provide no relief to Defendants for the discovery violations and would only further delay the resolution of this matter.  A stay would not be effective in compelling Plaintiff's compliance with this Court's discovery orders.  Similarly, the Court has the available alternative to hold Plaintiff in contempt, but in light of the fact that this is his civil case, the Court finds that sanction to be inappropriate.  Plaintiff has indicated, by his conduct, that he does not wish to pursue this matter.  He is

proceeding *in forma pauperis*.  Rather than fining him for the effective abandonment of this litigation, the Court shall merely dismiss it, as permitted by Rule 37.  No alternative short of dismissal would be effective at moving this case forward, as shown by Judge Schneider's diligent efforts at meeting with the parties and repeatedly ordering discovery.  Therefore, after evaluating possible alternative sanctions, the Court finds this to be a situation in which the drastic sanction of dismissal is appropriate.

20.  Poulis also counsels that the Court look at the meritoriousness of Plaintiff's claims in this case.  The Court found, at its initial screening in February 2006 that the wording of the Complaint was sufficient to proceed.  The Complaint is short but alleges invasion of privacy while Plaintiff was using a lavatory, unlawful arrest, false prosecution and use of excessive force.  The Court shall not opine further on the merits of this case in this opinion, but rather shall assume for purposes of this motion that "the allegations of the [Complaint], if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 870.  Without answering interrogatories and testifying under oath, however, Plaintiff supplies no reason to believe that any of his unsworn allegations are true.  Thus, in performing the Poulis balancing test, this factor shall be regarded as neutral.  However, because all of the other Poulis

11

factors weigh so heavily in favor of granting the motion to dismiss, the merits of the claim, if any are not dispositive.

    21.   After balancing the relevant factors under <u>Poulis</u>, this Court finds that the motion to dismiss for failure to comply with discovery should be granted.  An appropriate Order shall be entered.


**May 27, 2008**                                               **s/ Jerome B. Simandle**
Date                                                             Jerome B. Simandle
                                                                         U.S. District Judge